**MASTER INSTITUTE OF UNITED ARTS, Inc., v. UNITED STATES.**

Civ. No. 29-238.

District Court, S. D. New York.

April 25, 1947.

Greenbaum, Wolff & Ernst, of New York City, for plaintiff.

John F. X. McGohey, U. S. Dist. Atty., and James A. Devlin, U. S. Dist. Atty., both of New York City, for defendant.

SMITH, District Judge.

This is an action brought by the plaintiff taxpayer to recover the sum of $1,724.-36 paid by the plaintiff on July 19, 1944 to the Collector of Internal Revenue, 3rd District of New York, as a documentary stamp tax under Sec. 1801, Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 1801, upon a modification agreement of 1944 between the plaintiff obligor and a New York corporation obligee on a bond and mortgage dated and issued in 1935, due December 31, 1949.

The plaintiff having had difficulty meeting the interest and amortization provisions of the bond and mortgage, they were modified by an agreement in 1939 on which no tax was claimed. In 1944 it appeared to the parties to the bond and mortgage that plaintiff would be unable to meet the interest provisions of the original bond and mortgage as modified by the 1939 agreement. A second modification agreement was entered into upon which a tax was claimed and collected under Section 1801, Internal Revenue Code, which, so far as germane, reads: "On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 11 cents: Provided, That every renewal of the foregoing shall be taxed as a new issue: * * *."

Neither modification agreement extended the time for the payment of the principal sum of the bond and mortgage. Interest and amortization provisions were both modified by each of the modification agreements. The 1939 modification provided for crediting, at par, payments in stock of the obligee corporation although it was possible for the obligor to purchase such stock at 10% to 15% of par. The 1944 modification provided that amortization payments, so long as the obligor was not in default, should be credited not only in the amount of cash paid but also in an additional amount equal to twice the amount of the amortization payments.

The 1944 modification also permitted the obligor to anticipate the payments of principal by paying the balance of the principal indebtedness at any time up to six months before the due date of the mortgage upon 60 days' notice, if not then in default, at a discount of 50%.

The 1939 and 1944 agreements both provided additional security by after-acquired property clauses.

The tax is on the obligation issued, not on the money borrowed.

The plaintiff places most emphasis on the argument that the 1944 modification agreement is not a renewal since it does not in-

volve an extension of time, while the Government makes the claim that the 1944 agreement has been changed so materially from the first bond of 1935 that it is a new issue, within the meaning of the Act. While the Government claims that the renewal provision covers the 1944 agreement, its principal emphasis is on making it out a new issue.

Since there is no change in the principal amount, the date of maturity, or the parties, and since the original bond is kept in effect with modifications, the 1944 agreement does not resemble those renewals which involve some extension of the time of maturity of all or a portion of the original principal.

"Renewal" may well be held to be intended to cover only those cases which do involve such an extension of time.

Campbell River Timber Co. v. Vierhus, 9 Cir.; 1936, 86 F.2d 673, 674, 108 A.L.R. 763. "We find respectable authority, including federal decisions, holding that the terms 'extension' and 'renewal' may be used interchangeably." "See Words & Phrases, Tit. 'Renewal,' for cases holding extensions frequently synonomous with renewals" citing Sheldon v. Mississippi Cottonseed Products Co., 5 Cir., 1936, 81 F.2d 169, 171.

When the old obligation is cancelled and a new substituted for it, a tax properly can be laid. Wisconsin Public Service Corp. v. United States, D.C.E.D.Wis.1941, 40 F. Supp. 327. All other instances cited by the government refer to cases where the date of maturity has been extended. Campbell River Timber Co. v. Vierhus, supra, Sheldon v. Mississippi Cottonseed Products Co., supra, Gedex Realty Corp. v. Higgins, D.C. S.D.N.Y.1942, 47 F.Supp. 342.

A dictum in the Campbell River case, at 86 F.2d 674, 108 A.L.R. 763, supports the position of the government here "modification of the original obligation as to matters other than the time of payment might be regarded not only as more than an extension, but even more than a renewal. Such modification could arguably be considered as effecting a new obligation, which clearly could be taxable."

It is true that the Congress might have said so, if it wished to include all modifications, and that the courts have often held that in case of doubt, taxing statutes are to be construed most strongly against the government and in favor of the taxpayer. Guggenheim v. Commissioner, 2 Cir., 1932, 58 F.2d 188.

But we need not hold that the Congress intended to tax all modifications as new obligations in order to uphold the tax here.

Here there have been major changes in the interest and amortization provisions of the original obligation, a new prepayment provision and additional security, adopted to assist the debtor by bringing the payments within its means and to assist the creditor by providing sufficient inducement to insure the debtor's meeting taxes, interest and amortization requirements to avoid default on this, a second mortgage, and on a prior mortgage on the property covered by this mortgage. These major changes make possible the discharge of the principal obligation for about one-third of its face amount, if full opportunity is taken of the inducements for amortization and prepayment. They were not a gift, but 'an inducement to prevent an impending default, and to obtain a binding agreement to make the amortization payment.

It is the instrument evidencing a new undertaking which is taxed. A modification which changed none of the major provisions of the original obligation, and did not extend the maturity date would be neither a new issue nor a renewal of a bond and would not be taxable under this section as a mere modification. One which makes major changes in amortization provisions, both as to rights and duties, and creates a right of anticipation of principal payments at so great a discount is essentially a new and different undertaking, even though labeled by the parties a "modification," and as such the instrument evidencing it is taxable. The 1944 so-called modification agreement makes such major changes.

Counsel may submit form of judgment for the defendant, and proposed findings and conclusions, in accordance with this memorandum.